## WESLEY BEST

### *v.*

### JAMES A. BEAL.

BILL OF EXCEPTIONS—*presumption to sustain judgment.* Where one is made a party to a judgment by *scire facias*, and the evidence is not preserved in a bill of exceptions, it will be presumed that it showed the defendants to be jointly liable.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. G. B. & F. W. Burnett, for the plaintiff in error.

Messrs. Rinaker & Keplinger, for the defendant in error.

Mr. Justice Scott delivered the opinion of the Court:

Wesley Best was sued, in an action of assumpsit, with J. M. Buck and C. P. Buck. Service was had, in the first instance, on the last named defendants, and there being no appearance for either of them, judgment was rendered by default against both of them, and *scire facias* was awarded against Best to show cause why he should not be made a party to that judgment. Service of the *scire facias* having been had on him, and there being no appearance in his behalf, he was made a party on default to the judgment previously rendered against his co-defendants.

The declaration contains two special counts, and also the common money counts. In the first special count, it is averred defendants jointly made the note described, and afterwards Best indorsed and delivered it to one Holden, who indorsed and delivered it to plaintiff, and in the second count it is averred defendants J. M. Buck and C. P. Buck made their note to Best, and afterwards, in consideration Holden would accept and receive it from him, Best indorsed and delivered it to Holden with his written guaranty to pay the sum of money specified, "the same as if he were principal and maker of the note," and that Holden afterwards assigned it to plaintiff, whereby all of defendants became liable to pay plaintiff the note and interest.

In making the transcript of the record, the clerk certifies, that at a term subsequent to the one at which the declaration was filed, there was filed in his office and among the papers of the cause, such a note as is described in the second special count of the declaration, with an indorsement written on the back, as follows: "March 21, 1874. For value received, I this day assign the within note to Reuben H. Holden, or order, and do guarantee payment of same the same as if I was princi-

pal therein.    Wesley Best."    ·But whether that note was read in evidence or not, the record is silent.

As the record contains no bill of exceptions, it can not be known what evidence was heard in the court below.    It is recited in the judgment, it appeared to the court the suit was brought on "an instrument in writing" for the payment of money, but what that "instrument in writing" was, is not disclosed.    It may have been a promissory note, such as described in the first special count of the declaration, or it may have been an "instrument in writing for the payment of money," admissible in evidence under the common counts, and in either case the evidence would sustain the judgment. Every reasonable presumption should be indulged in favor of the judgment of the court.    Nothing to the contrary appearing, it must be held the court found correctly defendants were jointly liable in the action.    It is so averred in the declaration, and the default of defendants admits every fact well pleaded.

No error appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*